TERRY GODDARD
ATTORNEY GENERAL

WANDA E. HOFMANN (014805)
Assistant Attorney General
177 North Church Avenue, Suite 1105
Tucson, Arizona 85701-1114
(520) 628-6044 • Fax (520) 628-6050
wendy.hofmann@azag.gov

Attorneys for Defendants Ryan, Schriro,
Aguilar, Beverly, Helms, Irby, Kokemor,
Linderman, Michael, Schweitzer, and Winslow

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Albert L. Brinkman, | No. CV 08-0670-TUC-FRZ |
|---|---|
| Plaintiff, | |
| v. | **ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT BY DEFENDANTS**[1] |
| Dora Schriro, et al., | |
| Defendants. | **[Demand for Jury Trial]** |

Arizona Defendants Ryan, Schriro, Aguilar, Beverly, Helms, Irby, Kokemor, Linderman, Michael, Schweitzer, and Winslow, through counsel, answer Plaintiff's Second Amended Civil Rights Complaint by a Prisoner filed September 9, 2009, and dated September 2, 2009 (dkt. 15), the only complaint served on the Defendants, as follows:

**I.**

Admit that the Court has jurisdiction over Plaintiff's federal claims under 42 U.S.C. § 1983 and deny any other basis for jurisdiction.

---
[1] The Answer is filed on behalf of Defendants Ryan, Schriro, Aguilar, Beverly, Helms, Irby, Kokemor, Linderman, Michael, Schweitzer, and Winslow.

## II.

Admit that Plaintiff Albert L. Brinkman is a prison inmate incarcerated in the Arizona Department of Corrections (ADC), and aver that he entered ADC on January 21, 1998, on an interstate-compact agreement to serve sentences for criminal convictions in Kansas; that his sentences expire in 2028; and that he has lived at the following ADC facilities during the designated timeframes: Arizona State Prison Complex-Lewis from 11/17/99 to 11/15/05, and from 11/30/09 to the present (at the Morey Unit from 11/17/99 to 5/26/04, on 5/27/05, and from 5/27/05 to 7/12/05; at the Rast Unit from 5/26/04 to 5/27/05 and from 7/12/05 to 11/15/05; at the Barchey Unit from 11/30/09 to the present) and the Arizona State Prison Complex-Tucson from 11/15/05 to 11/30/09 (at Santa Rita Unit from 11/15/05 to 12/1/07; at the Manzanita Unit from 12/1/07 to 11/30/09).

## III.

Admit that Defendant Schriro was employed by the Arizona Department of Corrections as its director and was acting in her official capacity under color of State law and aver that she served in that position from July 1, 2003, to January 31, 2009.

## IV.

Admit that Defendant Ryan is employed as the director of the Arizona Department of Corrections, acting in his official capacity under color of State law and aver that he has served in this capacity since February 1, 2009.

## V.

Admit that Defendant Aurora Aguilar is employed by the Arizona Department of Corrections as a Hearing Officer at the ADC Central Office and was acting in her official capacity under color of State law; aver that Defendant Aguilar's duties entailed reviewing and investigating non-medical Inmate Grievance Appeals to the ADC Central Office and that she served in this capacity beginning in 1988.

**VI.**

Admit that Defendant Laura Schweitzer was employed by the Arizona Department of Corrections as a Deputy Warden at the Santa Rita Unit of the Tucson Complex and was acting in her official capacity under color of State law, and aver that she served in that position effective January 14, 2006, until July 28, 2007.

**VII.**

Admit that Defendant Mike Linderman is employed by the Arizona Department of Corrections as the Administrator of Pastoral Activities at the ADC Central Office and was acting in his official capacity under color of State law, and aver that he has served in that capacity since at least January 1, 2007, to the present.

**VIII.**

Admit that Defendant Phil Irby is employed by the Arizona Department of Corrections at the ASPC-Tucson Complex and was acting in his official capacity under color of State law, and aver that he has served as a Correctional Chaplain I at ASPC-Tucson since at least January 1, 2007, until October 20, 2007, when he became a Correctional Chaplain II at ASPC-Tucson.

**IX.**

Admit that Defendant Mark Winslow is employed by the Arizona Department of Corrections as a Chaplain at ASPC-Tucson and was acting in his official capacity under color of State law, and aver that he has served in that capacity since at least January 1, 2007, to the present.

**X.**

Admit that Defendant Raymond Helms is employed by the Arizona Department of Corrections as a Chaplain at Tucson and was acting in his official capacity under color of State law, and aver that he has served in that capacity since at least January 1, 2007, to the present.

**XI.**

Admit that Defendant James Beverly is employed by the Arizona Department of Corrections as a Correctional Officer III at the Santa Rita Unit-Tucson and was acting in his official capacity under color of State law, and aver that he has served in that capacity since at least January 1, 2007, to the present.

**XII.**

Admit that Defendant J. Kokemor is employed by the Arizona Department of Corrections as a Correctional Officer III and was acting in his official capacity under color of State law, and aver that he has served in that capacity at the Santa Rita Unit of ASPC-Tucson since at least January 1, 2007, until June 14, 2008, when he was assigned to the Winchester Unit of APSC-Tucson to the present.

**XIII.**

Admit that Defendant Michael is employed by the Arizona Department of Corrections as a Correctional Officer II at the Santa Rita-Tucson and was acting in her official capacity under color of State law, and aver that she has served in that capacity since at least January 1, 2007, to the present..

**XIV.**

As to Plaintiff's allegations in Count III of the Complaint, Defendants are without knowledge sufficient to form a belief as to the truth of those allegations and, therefore, deny them.

**XV.**

Defendants deny that they violated any of Plaintiff's rights under the Constitution, its Amendments, or federal law.

**XVI.**

Defendants deny each and every allegation not specifically admitted here.

. . . .

## XVII.

Defendants Ryan, Schriro, Aguilar, Beverly, Helms, Irby, Kokemor, Linderman, Michael, Schweitzer, and Winslow assert the following affirmative defenses:

a) That Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted;

b) That Plaintiff's claims are estopped from proceeding on grounds of collateral estoppel and res judicata;

c) That Defendants are entitled to a grant of qualified immunity from this suit;

d) That the doctrine of respondeat superior does not apply in civil-rights actions;

e) That Plaintiff's claims are barred by the applicable statutes of limitation;

f) That under the Eleventh Amendment, these Defendants may only be held liable in their individual capacities and therefore any claims against them in their official capacities must be dismissed;

g) That some or all of Plaintiff's claims are subject to dismissal because he has failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a), and has failed to allege facts to support damages as required under 42 U.S.C. 1997e(e);

h) Plaintiff has sustained no injury or harm as a result of the conduct of these Answering Defendants;

i) If Plaintiff suffered any injury, it was due to his own conduct or negligence and not a result of any misconduct or failings on the part of these Answering Defendants;

j) Any monetary award made to Plaintiff is subject to set-off under the Prison Litigation Reform Act, §§ 807 and 808, to the extent he owes restitution to the victims of his crime(s);

. . . .

5

1       k)      That Plaintiff has failed to exhaust the Arizona claim process under A.R.S. § 12-821.01;

      l)      That damages to Plaintiff, if any, were directly and proximately caused by his comparative/contributory fault, which bars or limits any recovery by him; and

      m)      That as discovery proceeds, the Defendants may become aware of the existence of other applicable affirmative defenses enumerated by Federal Rules of Civil Procedure 8(c) and 12; therefore, they incorporate and allege all those defenses here, as well as the privileges, defenses, and immunities provided by statute and common law.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request the following judgment and relief:

1. To dismiss the Complaint with prejudice and that Plaintiff take nothing;

2. To grant judgment for the Defendants;

3. To award them reasonable costs and fees, including attorney's fees; and

4. For such other relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED this ___9th___ day of February, 2010.

      **TERRY GODDARD**
      **ATTORNEY GENERAL**

      _s/Wanda Hofmann_
      WANDA E. HOFMANN
      Assistant Attorney General
      Attorneys for Defendants Ryan, Schriro, Aguilar, Beverly, Helms, Irby, Kokemor, Linderman, Michael, Schweitzer, and Winslow

6

1 COPY of the foregoing mailed
this   9th   day of February, 2010 to:

2 Albert L. Brinkman, #133444
ASPC-Lewis, Barchey Unit
3 P.O. Box 3200
Buckeye, AZ  85326-3200
4 *Plaintiff*

  s/jmp
7 Secretary, Attorney General's Office
710822 v.2